UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

GFRS EQUIPMENT LEASING FUND II, LLC,

        Plaintiff,                           Case No. _____

v.

SOUTH TEXAS MATERIALS, LLC,
CACTUS READYMIX, LLC,
JAMES RUSSELL WOOD,
CANDICE R. WOOD,
ALLEN D. BRADLEY,
and KRISTA D. BRADLEY,

        Defendants.

**COMPLAINT FOR MONEY DAMAGES AND WRIT OF SEQUESTRATION**

COMES NOW Plaintiff GFRS Equipment Leasing Fund II, LLC ("GFRS"), by and through undersigned counsel, and for its Complaint against Defendants South Texas Materials, LLC ("South Texas"), Cactus Readymix, LLC ("Cactus"), James Russell Wood ("James Wood"), Candice R. Wood ("Candice Wood"), Allen D. Bradley ("Allen Bradley"), and Krista D. Bradley ("Krista Bradley") (collectively, the "Defendants") alleges as follows:

**PARTIES**

1. GFRS is now, and at all times relevant was, a limited liability company organized and existing under the laws of the State of Delaware, with its place of business in Maricopa County, Arizona. The sole manager of GFRS is Global Financial & Leasing Services, LLC, an Arizona limited liability company with its place of business in Maricopa County, Arizona.

2. South Texas is now, and at all times relevant was, a limited liability company organized and existing under the laws of the State of Texas, with its place of business in San Patricio County, Georgia.

1

3. Cactus is now, and at all times relevant was, a limited liability company organized and existing under the laws of the State of Texas, with its place of business in San Patricio County, Texas.

4. James Wood is and was a resident of San Patricio County, Texas at all relevant times.

5. Candice Wood is and was a resident of San Patricio County, Texas at all relevant times.

6. Allen Bradley is and was a resident of Arkansas County, Texas at all relevant times.

7. Krista Bradley is and was a resident of Arkansas County, Texas at all relevant times.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. Section 1332(a) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs and this controversy is between citizens of different states.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. 1391(a)(1) and (2) and (c).

## FACTS

*Defendants Enter into the Lease and the Lease Guaranty*

10. GFRS restates and re-alleges Paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11. On or about March 14, 2022, Cactus as Co lessee with South Texas and non-party Global Financial & Leasing Services, LLC ("Global") entered into Lease Agreement No.

10234452 ("Lease") pursuant to which Global leased to South Texas the following equipment (the "Equipment"):

> New ORD 20CUYD-Hopper with 20 Yard Skid Mounted Feeder with Accessories SN: 22324; (1) New KPI Series 11 30x60 Portable Taking Convey SN: 419859; (1) New 30x100 Stationary Stacker SN: 8773; (1) New Twin 44x32 Fine Material Washer SN: 21103149; (1) New 6x16 Three Deck Incline Wet Screen w/ 25HP Motor and DSHEAVE and 1 7/8 Bushing SN: GTIS6163W-046 2021-04; (1) Used 5x14 Deck Screen; (1) New Log Washer w/ 125 HP Motor, Drive Sheave and FX 3- 3/8 Bushing and 8pc. belt set

A true and correct copy of Lease, including the applicable exhibits, addendums, attachments, and schedules, is attached as **Exhibit A**.

12. Pursuant to the terms of Lease, actus as Co lessee with South Texas promised to pay Global one (1) payment of $62,300.00 and thirty-six (36) payments in the amount of $23,798.00, *See* Ex. A, "Term and Lease Payment Schedule" section.

13. On or about July 22, 2022 a Two -Way Change Letter to the Lease was made and delivered changing the Lessee to South Texas. A true and correct copy of the letter is attached as **Exhibit B**.

14. Cactus executed a Corporate Guaranty (the "Corporate Guaranty") guarantying the faithful and full performance by South Texas of all terms and conditions of Lease. A true and correct copy of the Guaranty is attached as **Exhibit C**.

15. James Wood, Candice Wood, Allen Bradley, and Krista Bradley executed a Personal Guaranty (the "Guaranty") guarantying the faithful and full performance by South Texas of all terms and conditions of Lease. A true and correct copy of the Guaranty is attached as **Exhibit D**.

16. On or about August 12, 2022, Global sold and assigned its right, title, and interest in and to Lease to GFRS. A true and correct copy of the Lease Assignment is attached as **Exhibit E**.

17. GFRS, through assignment and UCC Financing Statement, is the owner of the Equipment or, alternatively, has a security interest in the Equipment. A true and correct copy of the UCC Financing statement is attached as **Exhibit F.**

18. The Lease provides that any of the following occurrences shall constitute a default under Lease:

> (a) you fail to pay any Lease Payment or any other payment within 10 days of its due date, (b) you do not perform any of your other obligations under this Lease or in any other agreement with us or with any of our affiliates and this failure continues for 10 days after we have notified you of it, (c) a default or event of default occurs under any real property or equipment lease agreement you have any third party or under any agreement under which you incurred indebtedness, (d) you become insolvent, you dissolve or are dissolved, or you assign your assets for the benefit of your creditors, or enter (voluntarily or involuntarily) any bankruptcy or reorganization proceeding; (e) any guarantor of this Lease dies, does not perform its obligations under the guaranty, or becomes subject to one of the events listed in clause (d) above.

*See* Ex. A, ¶ 8.

19. The Lease further provides that, if a default occurs, GFRS may exercise one or more of the following rights or remedies:

> (a) cancel or terminate this Lease and any or all other agreements that we have entered into with you; (b) require you to immediately pay us, as compensation for loss of our bargain and not as a penalty, a sum equal to (i) the present value of all unpaid Lease Payments for the remainder of the term plus the present value of our anticipated residual interest in the Equipment, each discounted at 5% per year, compounded monthly, plus (ii) all other amounts due or that become due under this Lease; (c) require you to deliver the Equipment to us as set forth in Section 3; (d) peacefully repossess the Equipment without court order and you will not make any claims against us for damages or trespass or any other reason; and (e) exercise any other right or remedy available at law or in equity. **You agree that all rights and remedies are cumulative and not exclusive and to pay all of our costs of enforcing our rights against you, including reasonable attorneys' fees and**

**costs plus expenses of repair, redelivery, storage and repossession of the Equipment.**

*See* Ex. A, at Exhibit C.

20. Pursuant to the Lease, South Texas expressly waived any right to a trial by jury.

21. Pursuant to the Guaranty, James Wood, Candice Wood, Allen Bradley, and Krista Bradley expressly waived any right to trial by jury.

*Defendants Breached Their Contractual Obligations to GFRS*

22. GFRS has performed all of its obligations under the Lease.

23. South Texas defaulted on its obligations under the Lease by failing to make all required monthly payments when due as set forth in the Lease.

### COUNT I
### WRIT OF SEQUESTRATION

24. GFRS restates and re-alleges Paragraphs 1 through 23 as though fully set forth herein.

25. Defendants have failed to make all payments due and owing under the Lease and are in default pursuant to Section 8 of the Lease, which provides:

> (a) you fail to pay any Lease Payment or any other payment within 10 days of its due date, (b) you do not perform any of your other obligations under this Lease or in any other agreement with us or with any of our affiliates and this failure continues for 10 days after we have notified you of it, (c) a default or event of default occurs under any real property or equipment lease agreement you have any third party or under any agreement under which you incurred indebtedness, (d) you become insolvent, you dissolve or are dissolved, or you assign your assets for the benefit of your creditors, or enter (voluntarily or involuntarily) any bankruptcy or reorganization proceeding; (e) any guarantor of this Lease dies, does not perform its obligations under the guaranty, or becomes subject to one of the events listed in clause (d) above.

*See* Ex. A, ¶ 8.

26. Equipment is required to be insured by Defendant South Texas pursuant to the Lease.

27. Upon information and belief, the Equipment is not being insured.

28. Upon a breach of the Lease, GFRS is entitled to immediate possession of the Equipment:

> (c) require you to deliver the Equipment to us as set forth in Section 3; (d) peacefully repossess the Equipment without court order and you will not make any claims against us for damages or trespass or any other reason; and (e) exercise any other right or remedy available at law or in equity. **You agree that all rights and remedies are cumulative and not exclusive and to pay all of our costs of enforcing our rights against you, including reasonable attorneys' fees and costs plus expenses of repair, redelivery, storage and repossession of the Equipment.**

*See* Ex. A, at Exhibit C.

29. GFRS has demanded payment of the Remaining Balance and surrender of the Equipment.

30. Defendants have refused to surrender and return the Equipment to GFRS.

31. The Equipment has not been taken for tax, assessment or fine pursuant to a statute or seized under an execution or attachment against the Equipment of GFRS.

32. The Equipment is highly mobile and subject to being destroyed, damaged or seized. Upon information and belief, the Equipment is located at Cuero, Texas and is not insured per the terms of the Lease.

33. The Equipment is valued, depending on condition, in the amount of $325,000.00.

34. GFRS is entitled to a writ of sequestration pursuant to Texas Rule of Civil Procedure 696, et. seq.

WHEREFORE GFRS Equipment Leasing Fund II, LLC requests that this Court enter judgment in its favor under Count I as follows: issue a writ of sequestration against Defendants

South Texas Materials, LLC, Cactus Readymix, LLC, James Russell Wood, Candice R. Wood, Allen D. Bradley, and Krista D. Bradley, jointly and severally, directing said Defendants to turn over possession of the Equipment identified herein to a designated representative of GFRS immediately but no later than twenty-four (24) hours of the date of this Court's Order, in good condition, and issue a writ of sequestration ordering the United States Marshal or the sheriff of any district or county where the Equipment can be found and to use all reasonable and necessary force to obtain possession of the Equipment in the event the Equipment cannot be located, require the individual defendant and designated corporate representatives of the corporate defendants to appear before this Court to answer for the whereabouts and if the Equipment is not returned, enter judgment in its favor of GFRS and against Defendants South Texas Materials, LLC, Cactus Readymix, LLC, James Russell Wood, Candice R. Wood, Allen D. Bradley, and Krista D. Bradley, jointly and severally, for the fair market value of the Equipment not returned in the amount of $325,000.00 plus interest, costs and attorneys' fees.

## COUNT II
## BREACH OF CONTRACT UNDER THE LEASE AGAINST SOUTH TEXAS

35.   GFRS restates and re-alleges Paragraphs 1 through 34 as though fully set forth herein.

36.   The Lease constitutes a valid and enforceable contract.

37.   GFRS has duly and fully performed its obligations under the Lease.

38.   The amounts due and owing under the Lease (the "Remaining Balance") are as follows:

   I.   **Payments Due under the Lease:**

   (1)   Advance payment in the amount of $62,300.00 plus sales tax in the amount of $5,139.75 for a total Advance Payment equal to: $67,439.75

(2) Thirty-six (36) payments each in the amount of $23,798.00 plus thirty-six (36) payment of sales tax each in the amount of $1,936.33 for a total of $926,435.88.

(3) Total Amount Due under Lease equals: $993,875.63.

## II. Payments Made by South Texas

| Payment Date | Total Payment Received | Sales Tax | Payment | |
|---|---|---|---|---|
| 8/20/2022 | $67,439.75 | $5,139.75 | $62,300.00 | |
| 9/20/2022 | $25,761.34 | $1,963.34 | $23,798.00 | |
| 10/20/2022 | $25,761.34 | $1,963.34 | $23,798.00 | |
| 11/21/2022 | $25,761.34 | $1,963.34 | $23,798.00 | |
| 11/22/2022 | $25,721.34 | $1,960.29 | $23,761.05 | |
| 11/23/2022 | $(25,721.34) | $(1,956.48) | $(23,764.86) | (returned insufficient funds) |
| 11/23/2022 | $40.00 | $3.05 | $36.95 | |
| 12/20/2022 | $25,725.46 | $1,960.60 | $23,764.86 | |
| 1/20/2023 | $25,761.34 | $1,963.34 | $23,798.00 | |
| 2/21/2023 | $25,761.34 | $1,963.34 | $23,798.00 | |
| 2/22/2023 | $(25,761.34) | $(1,963.34) | $(23,798.00) | (returned insufficient funds) |
| 3/16/2023 | $10,000.00 | $762.12 | $9,237.88 | |
| 3/20/2023 | $25,761.34 | $1,963.34 | $23,798.00 | |
| 4/20/2023 | $25,761.34 | $1,963.34 | $23,798.00 | |
| 4/21/2023 | $(25,761.34) | $(1,963.34) | $(23,798.00) | (returned insufficient funds) |

5/22/2023   $25,761.34      $1,963.34     $23,798.00

5/24/2023   $(25,761.34)    $(1,963.34)   $(23,798.00) (returned insufficient funds)

6/21/2023   $25,761.34      $1,963.34     $23,798.00

6/23/2023   $(25,761.34)    $(1,963.34)   $(23,798.00) (returned insufficient funds)

### III. Total Paid by South Texas

Total Received   $232,011.91   Total Tax   $17,686.03   Total Payments $214,325.88

### IV. Amount Remaining Due and Owing under Lease Before Discount

Total Amount of Payment Required Under the Lease equals:   $993,875.63.

Total Amount of Payments Made by South Texas:   $232,011.91

Amount of Lease Payments Remaining Due and Owing:   $781,863.72

### V. Exhibit C to the Lease requires a five (5) percent present value discount as to Future Payments

The remaining Lease Payments due and owing equals $781,863.72 multiplied by .05 equals a present value discount of: $38093.18

### VI. The Remaining Amounts due and owing under the Lease after Present Value discounting at five 5% percent

The Remaining Lease Payments due and owing equals $781,863.72 minus the present value discount of five (5) percent $38,093.18 results in the Remaining Balance due and owing in the amount of $743,770.54

### VII. The Estimated Value of the Equipment being Retained by Defendants.

Plaintiff is entitled to the return of the Equipment or the value of the Equipment not returned. The estimated value of the Equipment being retained by the Defendants is equal to $325,000.00.

### VIII. The Damages due to Plaintiff under the Lease

Remaining Balance is equal to $743,770.54 plus the estimated value of the Equipment is $325,000.00 for damages due to Defendants breach in the amount of $1,068,770.50 (the Remaining Balance).

39. South Texas' failure and refusal to pay the Remaining Balance due and owing to GFRS constitutes a default under the Lease and amounts to a breach of South Texas' contractual obligations to GFRS.

40. GFRS has demanded that South Texas pay the Remaining Balance due and owing to GFRS under the Lease. *See* **Exhibit G**.

41. Under the terms of the Lease, GFRS is entitled to recover the Remaining Balance, plus prejudgment interest under Arizona Revised Statutes Section 44-1201 at a rate of ten (10) percent per annum, plus all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against South Texas.

WHEREFORE, GFRS Equipment Leasing Fund II, LLC requests that this Court enter judgment in its favor and against South Texas Materials, LLC, jointly and severally, in the amount of the Remaining Balance with a credit for the value of the Equipment so returned plus prejudgment interest under Arizona Revised Statutes Section 44-1201 at a rate of ten (10) percent per annum from the date of default until the date of judgment, plus reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against South Texas Materials, LLC.

## COUNT III

### BREACH OF THE CORPORATE GUARANTY UNDER THE LEASE AGAINST CACTUS

42. GFRS restates and re-alleges Paragraphs 1 through 41 as though fully set forth herein.

43. The Corporate Guaranty constitutes a valid and enforceable contract.

44. GFRS has duly and fully performed its obligations under the Lease.

45. South Texas' failure and refusal to pay the Remaining Balance due and owing to GFRS constitutes a default under the Lease and amounts to a breach of South Texas' contractual obligations to GFRS.

46. Cactus' failure and refusal to pay the Remaining Balance due and owing to GFRS constitutes a default under the Corporate Guaranty and amounts to a breach of Cactus' contractual obligations to GFRS.

47. GFRS has demanded that Cactus pay the Remaining Balance due and owing to GFRS under the Lease.  See **Exhibit G**.

48. Under the terms of the Lease, GFRS is entitled to recover the Remaining Balance, plus applicable late charges in the amount of 15% of each late payment under the Lease, all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against South Texas.

WHEREFORE, GFRS Equipment Leasing Fund II, LLC requests that this Court enter judgment in its favor and against Cactus Readymix, LLC, jointly and severally, in the amount of the Remaining Balance with a credit for the value of the Equipment so returned plus prejudgment interest under Arizona Revised Statutes Section 44-1201 from the date of default to the date of judgment at a rate of ten (10) percent per annum, plus reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against Cactus Readymix, LLC.

## COUNT IV

### BREACH OF THE PERSONAL GUARANTY UNDER THE LEASE AGAINST JAMES WOOD

49. GFRS restates and re-alleges Paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. The Guaranty constitutes a valid and enforceable contract.

51. GFRS has satisfied all conditions precedent necessary to the enforcement of the Guaranty.

52. South Texas' failure and continuing refusal to pay the Remaining Balance constitutes a default under the Lease.

53. James Wood, pursuant to the Guaranty, is legally responsible for all financial and other obligations owed by South Texas to GFRS under the Lease.

54. GFRS has demanded that James Wood fulfill his obligations to GFRS under the Guaranty, but James Wood refuses to do so. *See* Exhibit G.

55. James Wood's ongoing refusal to pay the Remaining Balance due and owing to GFRS under the Lease constitutes a breach of the Guaranty.

56. GFRS is entitled to recover from James Wood the Remaining Balance, plus applicable late charges in the amount of 15% of each late payment under the Lease, all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against the Guaranty.

57. As a direct and proximate result of James Wood's breach of the Guaranty, GFRS has suffered damages in the amount of the Remaining Balance, plus applicable late charges in the amount of 15% of each late payment under the Lease, all costs, including reasonable attorneys'

fees and costs, incurred by GFRS in connection with the enforcement of its rights under the Lease and Guaranty.

WHEREFORE, GFRS Equipment Leasing Fund II, LLC requests that this Court enter judgment in its favor and against James Russell Wood, jointly and severally, in the amount of the Remaining Balance with a credit for the value of the Equipment so returned plus prejudgment interest under Arizona Revised Statutes Section 44-1201 from the date of default to the date of judgment at a rate of ten (10) percent per annum, plus reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against James Russell Wood.

## COUNT V

### BREACH OF THE PERSONAL GUARANTY UNDER THE LEASE AGAINST CANDICE WOOD

58. GFRS restates and re-alleges Paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59. The Guaranty constitutes a valid and enforceable contract.

60. GFRS has satisfied all conditions precedent necessary to the enforcement of the Guaranty.

61. South Texas' failure and continuing refusal to pay the Remaining Balance constitutes a default under the Lease.

62. Candice Wood, pursuant to the Guaranty, is legally responsible for all financial and other obligations owed by South Texas to GFRS under the Lease.

63. GFRS has demanded that Candice Wood fulfill her obligations to GFRS under the Guaranty, but Candice Wood refuses to do so. *See* Exhibit G.

64. Candice Wood's ongoing refusal to pay the Remaining Balance due and owing to GFRS under the Lease constitutes a breach of the Guaranty.

65. GFRS is entitled to recover from James Wood the Remaining Balance, plus applicable late charges in the amount of 15% of each late payment under the Lease, all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against the Guaranty.

66. As a direct and proximate result of Candice Wood's breach of the Guaranty, GFRS has suffered damages in the amount of the Remaining Balance, plus applicable late charges in the amount of 15% of each late payment under the Lease, all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights under the Lease and Guaranty.

WHEREFORE, GFRS Equipment Leasing Fund II, LLC requests that this Court enter judgment in its favor and against Candice R. Wood, jointly and severally, in the amount of the Remaining Balance with a credit for the value of the Equipment so returned plus prejudgment interest under Arizona Revised Statutes Section 44-1201 from the date of default to the date of judgment at a rate of ten (10) percent per annum, plus reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against Candice R. Wood.

## COUNT VI

### BREACH OF THE PERSONAL GUARANTY UNDER THE LEASE AGAINST ALLEN BRADLEY

67. GFRS restates and re-alleges Paragraphs 1 through 66 of this Complaint as though fully set forth herein.

68. The Guaranty constitutes a valid and enforceable contract.

69. GFRS has satisfied all conditions precedent necessary to the enforcement of the Guaranty.

70. South Texas' failure and continuing refusal to pay the Remaining Balance constitutes a default under the Lease.

71. Allen Bradley, pursuant to the Guaranty, is legally responsible for all financial and other obligations owed by South Texas to GFRS under the Lease.

72. GFRS has demanded that Allen Bradley fulfill his obligations to GFRS under the Guaranty, but Candice Wood refuses to do so. *See* Exhibit G.

73. Allen Bradley's ongoing refusal to pay the Remaining Balance due and owing to GFRS under the Lease constitutes a breach of the Guaranty.

74. GFRS is entitled to recover from Allen Bradley the Remaining Balance, plus applicable late charges in the amount of 15% of each late payment under the Lease, all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against the Guaranty.

75. As a direct and proximate result of Allen Bradley's breach of the Guaranty, GFRS has suffered damages in the amount of the Remaining Balance, plus applicable late charges in the amount of 15% of each late payment under the Lease, all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights under the Lease and Guaranty.

WHEREFORE, GFRS Equipment Leasing Fund II, LLC requests that this Court enter judgment in its favor and against Allen D. Bradley, jointly and severally, in the amount of the Remaining Balance with a credit for the value of the Equipment so returned plus prejudgment interest under Arizona Revised Statutes Section 44-1201 from the date of default to the date of judgment at a rate of ten (10) percent per annum, plus reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against Allen D. Bradley.

## COUNT VII

### BREACH OF THE PERSONAL GUARANTY UNDER THE LEASE AGAINST KRISTA BRADLEY

76. GFRS restates and re-alleges Paragraphs 1 through 75 of this Complaint as though fully set forth herein.

77. The Guaranty constitutes a valid and enforceable contract.

78. GFRS has satisfied all conditions precedent necessary to the enforcement of the Guaranty.

79. South Texas' failure and continuing refusal to pay the Remaining Balance constitutes a default under the Lease.

80. Krista Bradley, pursuant to the Guaranty, is legally responsible for all financial and other obligations owed by South Texas to GFRS under the Lease.

81. GFRS has demanded that Krista Bradley fulfill her obligations to GFRS under the Guaranty, but Candice Wood refuses to do so. *See* Exhibit G.

82. Krista Bradley's ongoing refusal to pay the Remaining Balance due and owing to GFRS under the Lease constitutes a breach of the Guaranty.

83. GFRS is entitled to recover from Krista Bradley the Remaining Balance, plus applicable late charges in the amount of 15% of each late payment under the Lease, all costs, including reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against the Guaranty.

84. As a direct and proximate result of Krista Bradley's breach of the Guaranty, GFRS has suffered damages in the amount of the Remaining Balance, plus applicable late charges in the amount of 15% of each late payment under the Lease, all costs, including reasonable attorneys'

fees and costs, incurred by GFRS in connection with the enforcement of its rights under the Lease and Guaranty.

WHEREFORE, GFRS Equipment Leasing Fund II, LLC requests that this Court enter judgment in its favor and against Krista D. Bradley, jointly and severally, in the amount of the Remaining Balance with a credit for the value of the Equipment so returned plus prejudgment interest under Arizona Revised Statutes Section 44-1201 from the date of default to the date of judgment at a rate of ten (10) percent per annum, plus reasonable attorneys' fees and costs, incurred by GFRS in connection with the enforcement of its rights against Krista D. Bradley.

RESPECTFULLY SUBMITTED,

By: /s/ Dennis A. Dressler
     Dennis A. Dressler

Dennis A. Dressler
Texas Federal ID No. 436856
Dressler Peters, LLC
101 W. Grand Ave., Suite 404
Chicago, IL 60654
Phone: (312) 602-7360
ddressler@dresslerpeters.com
*Attorneys for Plaintiff*

## **VERIFICATION**

STATE OF  Arizona        )
                         ) S.S.
COUNTY OF  Maricopa      )

COMES NOW  Sean Duffy , who is over the age of 18 years and authorized to speak on behalf of Plaintiff, GFRS Equipment Leasing Fund II, LLC, hereby duly sworn under oath, states that the allegations contained in the foregoing Compliant are true and accurate to his/her best knowledge and belief.

Subscribed and sworn to before me, a notary public, this  1st  day of  August , 2023.

[Notary Seal: RACHELLE QUEVEDO, NOTARY PUBLIC - ARIZONA, Maricopa County, Commission Number 651414, My Comm. Expires July 10, 2027]

_____
Notary Public

Rachelle Quevedo
Printed Name
Commission Expires: July 10, 2027